IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOSE ELIODORO TOPETE,

        Petitioner,

v.

MARION FEATHER, Warden,

        Respondent.

3:14-cv-00677-MA

OPINION AND ORDER

Jose Elidoro Topete
Fed. Reg. No. 02020-112
Federal Correctional Institution
P.O. Box 5000
Sheridan, Oregon 97378-5000

    Petitioner, *Pro se*

S. Amanda Marshall
United States Attorney
District of Oregon
Natalie K. Wight
Assistant U.S. Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2902

    Attorneys for Respondent

MARSH, Judge

1 - OPINION AND ORDER

On or about April 13, 2014, petitioner filed this habeas corpus proceeding pursuant to 28 U.S.C. §2241. Petitioner contends that he was denied due process at a disciplinary hearing held on November 13, 2013, at Taft Correctional Institution (CI Taft) (a contracted correctional institution operated by a private corporation). For the reasons set forth below, the petition is dismissed as moot.

## BACKGROUND

While incarcerated at CI Taft, petitioner was charged with attempting to introduce two cell phones (hidden in the insoles of a pair of tennis shoes) into the institution. The shoes were mailed in a package addressed to Inmate Emiliano Jose-Ramirez (under the guise that they were his release clothes), and bearing petitioner's son's return address. Petitioner was charged with attempted possession, manufacture, or introduction of a hazardous tool. CI Taft Special Investigative Supervisor Lieutenant K. Sy issued the incident report and conducted an investigation. Declaration of Daniel Cortez, Exh. 2 at 3.

At the November 13, 2013, disciplinary hearing, CI Taft Hearings Officer C. Logan found petitioner guilty of the alleged rule violation. *Id.* at ¶ 3 & Exh. 2 at 3. Petitioner was sanctioned with the loss of 41 days good time credits, 3 months disciplinary segregation, and 1 year loss of telephone privileges. *Id.* at ¶ 4 & Exh. 2 at 4.

2 - OPINION AND ORDER

On June 13, 2013, Bureau of Prison (BOP) Disciplinary Hearings Officer (DHO) Daniel Cortez, Jr. conducted a rehearing of the alleged rule violation. *Id.* at ¶¶ 1 & 4 & Exh. 3. DHO Cortez found petitioner guilty of the rule violation and reimposed the same sanctions. *Id.* The evidence relied upon by DHO Cortez included:

> The DHO considered the photo sheets July 8, 2013, which depict the package received addressed to inmate Emiliano Jose-Ramirez . . . [from] (the same address as . . . Topete's son). These photos also depict the tennis shoes contained in the package received as well as the cell phones and charging materials secreted in the inside of the tennis shoes.
>
> The DHO considered the Authorization to Receive Package or Property dated June 12, 2013, for inmate Emilano Jose-Ramirez which contains the address of inmate Topete's son as the return address.
>
> The DHO considered the inmate Telephone Call Monitoring Reports which covered a span of several months . . . . During these calls inmate Topete requested the address of his son . . . . Additionally inmate Topete makes statements such as instructing his son to buy some tennis shoes and "get them ready."
>
> \* \* \* \* \*
>
> The DHO considered the statement inmate Topete provided during the DHO hearing: "Ramirez told the SIS that I was going to send him clothes, but I didn't tell him that. I said I was guilty because I didn't want the FBI going after my son. I am not that dumb to use the phones that are recorded to talk with my son to do something like this. I never worked with anyone to get any cell phones. I don't know why they used my sons address to send that stuff in. I didn't know my son was living in Azusa, he was just moving from living with my wife."

*Id.,* Exh. 3 at 3-4.

///

3 - OPINION AND ORDER

## DISCUSSION

Petitioner alleges that the November 13, 2013, disciplinary hearing at CI Taft violated the Due Process Clause of the U.S. Constitution and applicable regulations because it was conducted by a hearings officer who is not an employee of the BOP or Federal Prison Industries. Habeas Petition (#1) at 4. Respondent moves the court to dismiss this proceeding on the basis that it is moot. Respondent contends that the June 13, 2014, rehearing before DHO Cortez moots petitioner's challenge to the November hearing. I agree.

This court's Article III jurisdiction extends only to actual cases or controversies. *Iron Arrow Honor Soc'y. v. Heckler*, 464 U.S. 67, 70 (1983). A habeas petition becomes moot when a petitioner's claim for relief can no longer be redressed by a favorable decision of the court. *Id.*; *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Burnett v. Lampert*, 432 F.3d 996, 999-1000 (9th Cir. 2005).

In the instant proceeding, petitioner challenges the legality of the November 13, 2013, hearing conducted at CI Taft, not the subsequent June 13, 2014, hearing conducted at FCI Sheridan. Petition (#1) at 4-4a. Because the findings and sanctions from the November 13, 2013, have been superseded by the June 13, 2014, hearing decision rendered *by a BOP certified DHO*, there is no relief that can be provided by a favorable decision. Accordingly,

this action is moot. *See e.g. Bolanos-Renteria v. Benov*, 2014 WL 5817532, *2 (E.D. Cal. Nov. 7, 2014); *Arancibia v. Benov*, 2014 WL 4986697, *2 (E.D. Cal. Oct. 6, 2014).[1]

Petitioner's argument that the *June, 2014*, rehearing violated 28 C.F.R. § 541.5[2] does not compel a different conclusion because petitioner's habeas petition challenges only the *November, 2013*, hearing. *See Johnson v. Bowers*, 2014 WL 6837240, *2 (C.D. Cal. Dec. 3, 2014). Petitioner may challenge the legality of the June hearing in a separate habeas corpus proceeding, after the exhaustion of his available administrative remedies. *See Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986) (federal prisoners are required to exhaust administrative remedies prior to bringing habeas petition).

Even if I assume that procedural irregularities *prior to* the June rehearing should inform this court's mootness determination, petitioner has made no showing that participation by non-BOP staff in the early stages of the disciplinary process somehow tainted DHO Cortez's decision. In this regard, it is worthy of note that DHO

---

[1] This issue has been litigated repeatedly in the California District Courts. I find the reasoning in the California decisions, including those cited above, to be persuasive.

[2] Petitioner relies upon 28 C.F.R. § 541.5(a) & (b) (and *former* § 541.10(b)(1) (2010)), providing that a Bureau of Prisons "staff member" will issue the incident report and conduct the investigation.

5 - OPINION AND ORDER

Cortez's decision is supported by "some evidence."[3]  *See Velasquez v. Benov*, 518 Fed. Appx. 555, *1 (9th Cir. May 17, 2013) (unpublished) (finding violation of 28 C.F.R. § 541.2 harmless because "some evidence" supported DHO's decision).  DHO Cortez properly relied upon (1) photographs of the tennis shoes, the cell phones, and the package bearing petitioner's son's return address; (2) Inmate Emilano Jose-Ramirez signed authorization to receive a package containing petitioner's son's address; and (3) monitoring reports of telephone calls between petitioner and his son.

Moreover, petitioner has made no showing that he was denied any of the procedural protections under *Wolff v. McDonnell*, 418 U.S. 539, 563-64 (1974), or that the delay caused by the rehearing was in bad faith or resulted in prejudice.  *Cf. Poynor v. U.S. Parole Comm.*, 878 F.2d 275, 276-77 (9th Cir. 1989) (failure to hold dispositional review of parole detainer within time limits of statute not grounds for habeas relief absent prejudice or bad faith); *see also Bolanos-Renteria*, 2014 WL 5817532 *3.[4]

---

[3] *See Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985) (due process requires that revocation of good time credits be supported by "some evidence").

[4] Although petitioner states that due to the delay he could not call witnesses or "present staff to argue mitigation" (Pet.'s Reply at 2), petitioner fails to identify any witnesses he sought to call or how their testimony would have affected the outcome of the proceeding.  The record reflects that petitioner waived his right to call witnesses and declined staff representation at the rehearing.  *See* Cortez Dec., Exh. 3 at 1.

Accordingly, petitioner has made no showing that alters my conclusion that this proceeding is moot.

## CONCLUSION

Based on the foregoing, this proceeding is DISMISSED, without prejudice, as MOOT.

IT IS SO ORDERED.

DATED this __15__ day of December, 2014.

*Malcolm F. Marsh*
Malcolm F. Marsh
United States District Judge